[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 24-13656

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ORLANDO GRUESO VALENCIA,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00380-WFJ-AAS-3

———————————————

Before JORDAN, LUCK, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Orlando Grueso Valencia, proceeding through counsel, appeals the district court's denial of his motion to reduce his sentence of 87 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. The district court imposed the sentence following Valencia's guilty plea for conspiring to possess with intent to distribute five or more kilograms of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506. On appeal, Valencia argues that the district court abused its discretion in denying his motion to reduce his sentence by weighing a prior downward departure and the nature and circumstances of his offense against a sentence reduction, without regard for his post-sentencing conduct. Having reviewed the record and after reading the parties' briefs, we affirm the district court's order denying Valencia's motion to reduce his sentence.

## I.

We review *de novo* the district court's conclusions about the scope of its legal authority under § 3582(c)(2). *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "If § 3582(c)(2) applies, we review a district court's decision to grant or deny a sentence reduction only for abuse of discretion." *Id.* An abuse of discretion arises if the district court "applies an incorrect legal standard, follows improper procedures in making the

determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009) (quotation marks omitted). This abuse-of-discretion standard "is not simply a rubber stamp." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotation marks omitted). "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *Id.* (quotation marks omitted). The district court's discretion affords it "a range of choice, and we cannot reverse just because we might have come to a different conclusion." *Id.* (quotation marks omitted).

## II.

A district court may modify a defendant's term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "This authority is limited to those guideline amendments listed in U.S.S.G. § 1B1.10(c) that have the effect of lowering the defendant's applicable guideline range." *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009) (quotation marks omitted). The applicable policy statement for § 3582(c)(2) motions is U.S.S.G. § 1B1.10. *United States v. Bryant*, 996 F.3d 1243, 1256 (11th Cir. 2021).

In considering whether to "reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission," a district court must engage in a two-step analysis, including: (1) recalculating the

Guideline range under the amended Guidelines; and (2) deciding whether, in its discretion, it should reduce the defendant's sentence considering the § 3553(a) factors and whether the defendant poses a threat to the safety of the community. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000); *Williams*, 557 F.3d at 1256; U.S.S.G. § 1B1.10, comment. (n.1(B)(i)-(ii)).

In recalculating the Guideline range under the amended Guidelines, the district court "has the discretion to decide whether to re-apply a downward departure for substantial assistance when considering what sentence the court would have imposed under the amended guideline." *United States v. Vautier*, 144 F.3d 756, 761 (11th Cir. 1998). Further, the commentary in U.S.S.G. § 1B1.10 states that, if a term of imprisonment imposed pursuant to the government's motion reflects the defendant's substantial assistance, then "the court may, if appropriate, provide a reduction comparably less than the amended guideline range." U.S.S.G. § 1B1.10, comment (n.3).

In November 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sentencing Commission, Adopted Amendments (Effective November 1, 2023), Amendment 821 ("Amendment 821"). The Sentencing Commission struck U.S.S.G. § 4A1.1(d) and replaced it with § 4A1.1(e). *Id.*; *see also* U.S.S.G. § 1B1.10. As relevant, the amendment added a new section, U.S.S.G. § 4C1.1 (2023), which provides for a two-level decrease in a defendant's offense level if the defendant satisfies ten criteria. Amendment 821. Specifically, the defendant must not

have: (1) received any criminal history points under Chapter Four, pt. A; (2) received an adjustment under U.S.S.G. § 3A1.4; (3) used violence or credible threats of violence in connection with the offense; (4) caused death or serious bodily injury; (5) committed a sex offense; (6) personally caused substantial financial hardship; (7) possessed, received, purchased, transported, transferred, sold, or disposed of a firearm or dangerous weapon; (8) committed an offense under U.S.S.G. § 2H1.1; (9) received an adjustment under U.S.S.G. § 3A1.1; or (10) received an adjustment under U.S.S.G. § 3B1.1. U.S.S.G. § 4C1.1(a). The Sentencing Commission noted that this was intended to have retroactive application. *Id.* § 1B1.10(d).

The § 3553(a) factors for the district court to consider include, in part: the nature and circumstances of the offense conduct and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the kinds of sentences available; the Sentencing Guidelines range; and the pertinent policy statements of the Sentencing Commission. 18 U.S.C. § 3553(a). The district court need not address each of the § 3553(a) factors or all the mitigating evidence, and the weight given to any § 3553(a) factor is committed to the discretion of the district court. *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021); *Williams*, 557 F.3d at 1256-57; *see also United States v. Smith*, 568 F.3d 923, 927-28 (11th Cir. 2009) (reasoning that the district court need not articulate each § 3553(a) factor when denying relief under § 3582(c)(2)).

An acknowledgment that the district court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient. *Tinker*, 14 F.4th at 1240-41 (quotation marks omitted). At a minimum, we must be able to understand from the record how the district court arrived at its conclusion, including the applicable § 3553(a) factors upon which it relied. *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021). A district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Tinker*, 14 F.4th at 1241 (quotation marks omitted).

In considering § 3582(c)(2) motions, district courts "may" consider a defendant's post-sentencing conduct, but the decision of whether to reduce a defendant's sentence lies within the sound discretion of the district court. *Williams*, 557 F.3d at 1256-57; U.S.S.G. § 1B1.10, comment. (n.1(B)(iii)). The Supreme Court has stated that "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing," such as the history and characteristics of the defendant, or the need to protect the public. *Pepper v. United States*, 562 U.S. 476, 491, 493, 131 S. Ct. 1229, 1242, 1243 (2011) (holding that a sister circuit's prohibition of sentencing courts' consideration of post-sentencing rehabilitation at resentencing was improper). Further, the Court explained that "[p]ostsentencing rehabilitation may also critically inform a

sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary,' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 491, 131 S. Ct. at 1242. However, even following its decision in *Pepper*, the Supreme Court has left the question of what consideration, if any, to give to a defendant's post-sentencing rehabilitation to the district court's discretion. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017).

## III.

In preparation for sentencing, the probation officer assigned Valencia a base offense level of 36 under U.S.S.G. § 2D1.1(c)(2), based on a drug quantity of 187.3 kilograms of cocaine. The base offense level was reduced by two under § 2D1.1(b)(18), because Valencia qualified for safety-valve relief under § 5C1.2(a), and three more levels for Valencia's timely acceptance of responsibility. This resulted in a total offense level of 31. Valencia's criminal history score was zero, which results in a criminal history category of I. *See id.* Ch. 5, Pt. A, Sentencing Table. A base offense level of 31 and a criminal history category of I yields a Guideline imprisonment range of 108 to 135 months. *Id.* The district court accepted the probation officer's report, which noted that the court could consider an upward departure because of Valencia's prior foreign conviction for the offense of trafficking, manufacturing, or possession of narcotics, for which the foreign court sentenced him to almost 12 years in prison.

At sentencing, Valencia requested a greater downward departure because he had promptly provided significant testimony, and he may face retaliation from the Columbian drug organization that took advantage of his poverty and recruited him to commit the offense.  Valencia asked for a sentence of 78 months' imprisonment, and the government asked for a sentence within the post-departure guideline range.  The district court adopted the report's undisputed facts and guidelines calculation, granted the government's motion for a two-level departure, rejected Valencia's request for further departure, and sentenced him to serve 87 months' imprisonment.

Valencia later moved for a sentence reduction under Amendment 821, based on the probation officer's memorandum to the district court.  He requested a sentence reduction to 70 months because the 18 U.S.C. §3553(a) factors supported a reduction, he had no criminal history points, he accepted responsibility for his actions by pleading guilty, he had a limited education, and he had a spotless disciplinary record while incarcerated.  The district court denied Valencia's motion, noting that he was eligible under Amendment 821, but it found that the §3553(a) factors militated against a reduction.  The district court reasoned that Valencia had received a two-level downward departure for his substantial assistance although he was involved in a large cocaine smuggling case.  The district court noted that, because Valencia and his co-defendants resisted arrest, the Coast Guard had to shoot out the engines on the vessel, which allowed Valencia and his co-defendants the opportunity to jettison the contraband, resulting in the

recovery of only 187 kilograms of cocaine, not the total amount smuggled. Finding that Valencia benefitted from the obstruction, the district court found that any further reduction would violate the statutory considerations and promote disrespect for the law.

We conclude, based on the record, that Valencia cannot demonstrate that the district court abused its discretion in denying his motion for a reduction in sentence. The district court correctly stated that, after being sentenced to a total offense level of 31, Amendment 821 would decrease Valencia's total offense level to 29, resulting in a Guideline range of 87 to 108 months' imprisonment. The district court had the discretion to re-apply the downward departure it applied at sentencing for Valencia's substantial assistance. The district court also was within its discretion to weigh heavily the nature and circumstances of the offense and not consider Valencia's post-conviction conduct in determining that a further sentence reduction was not warranted. The district court clearly stated that it relied on the nature and circumstances of the offense, considered the new Guideline calculation, and wanted to promote respect for the law. Thus, the record supports the district court's order denying Valencia's motion for a sentence reduction.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Valencia's motion for a reduction in sentence pursuant to Amendment 821.

**AFFIRMED.**